```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PATRICE YAMEOGO,                                           :
                                                           :
                        Plaintiff,                         :
                                                           :
        -v-                                                :
                                                           :
MACARON PARIS, LLC, et al.,                                :
                                                           :
                                                           :
                        Defendants.                        :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/11/2024

**ORDER**

23-CV-8981 (AT) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

*Pro se* plaintiff Patrice Yameogo brought this action against defendants Macaron Paris, LLC, Macaron Cafe, LLC, and Macaron, LLC (collectively "Macaron") alleging that, while he was employed by Macaron, he suffered discrimination, harassment, and workplace retaliation based on his race. Yameogo asserts claims under Title VII of the Civil Rights Act of 1964, as well as 42 U.S.C. §1981, and state and local human rights laws.

On November 17, 2023, Macaron moved to dismiss Yameogo's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 9. However, Macaron's motion relies on matters outside of the complaint, including, most importantly, "a Stipulation of Settlement (the 'Agreement') entered into on November 23, 2021 [between Yameogo and Macaron.]" *See* Declaration of Christopher R. Travis dated November 16, 2023, Exhibit B, Dkt. No. 12-2. The Agreement, which was "so ordered" by the court on May 9, 2022, resolved a state court suit between Macaron as plaintiff and Yameogo as

defendant[1], and included a release term for Yameogo, which states:

> In consideration of the benefits set forth in this Agreement, and other good and valuable consideration that Defendants acknowledge receipt of, Defendants, together with their successors and assigns (together the "Defendants Releasors") hereby irrevocably and unconditionally release, acquit, and forever discharge the Plaintiff Parties including their representatives, parents, subsidiaries, affiliate entities, divisions, successors, assigns, and each of their respective officers, directors, partners, principals, members, shareholders, agents, representatives, trustees, assigns, attorneys, current and former employees, heirs and administrators (collectively, the "Plaintiff Released Parties"), **from any and all claims, rights, losses, expenses, debts, demands, costs, contracts, liabilities, obligations, actions, and causes of action of every nature, known or unknown, matured or unmatured, whether at law or in equity, from the beginning of time to the date of this release.** Notwithstanding the foregoing, the release shall not release Plaintiff Released Parties from any of their obligations under this Agreement.

*Id.* at 4–5 (emphasis added). While the Agreement may be dispositive in this case, and therefore preclude Yameogo from proceeding with his claims, all of which appear to date back to 2018 according to his complaint and thus prior to the signing of the Agreement, it cannot be considered on the current 12(b)(6) motion.

In granting a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein." *Drew v. City of New York*, No. 18-CV-10714 (ER), 2019 WL 3714932, at *2 (S.D.N.Y. Aug. 6, 2019) (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)). Rule 12(d) of the Federal Rules of Civil Procedure states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion

---

[1] Yameogo and his company, Macaron Wholesale LLC, are the defendants purportedly bound by this release term.

must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

A motion to dismiss can be converted to a motion for summary judgment if the plaintiff had "unequivocal notice of the meaning and consequences of conversion." *Cuffee v. City of New York*, No. 15-CV-8916 (PGG) (DF), 2018 WL 1136923, at *5 (S.D.N.Y. Mach 1, 2018) (cleaned up). In the case of *pro se* litigants, formal notice is "particularly important;" they "must have unequivocal notice of the meaning and consequences of conversion to summary judgment" because *pro se* parties "may be unaware of the consequences of [their] failure to offer evidence bearing on triable issues." *Hernandez v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009) (quoting *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983)).

Here, Yameogo has not received any notice of the consequences of conversion to summary judgment. Macaron did not move in the alternative for summary judgment and made no mention of Rule 56 or summary judgment in any of its moving papers, despite the fact that it seeks dismissal based on the Agreement in state court, which is not otherwise part of, or referred to in, Yameogo's complaint.[2] Additionally, to date, Macaron has not complied with Local Civil Rule 12.1 and Local Civil Rule 56.2, which would provide Yameogo with notice

---

[2] Macaron has also submitted the declaration of Arnaud Cannone, Macaron's owner, to provide additional information regarding Yameogo's employment. Dkt. No. 13. This declaration and its contents also cannot be considered on a Rule 12(b)(6) motion.

3

of the meaning and consequences of conversion to summary judgment.

On this record, the Court cannot convert the motion to one for summary judgment. Accordingly, Macaron's motion to dismiss is denied without prejudice to renewal. Specifically, Macaron is directed to resubmit its motion as one for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for summary judgment under Rule 56, and provide proper notice to Yameogo under Local Civil Rules 12.1 and 56.2. Macaron's revised motion papers are due by **August 9, 2024**. Yameogo will then have until **September 9, 2024** to oppose Macaron's revised motion and, if he chooses, to offer additional evidence regarding the Agreement or otherwise. Macaron will have until **September 23, 2024** to file any reply papers.

The Clerk is respectfully directed to close the motion at docket entry 9 and to mark it as "denied without prejudice to renewal."

**SO ORDERED.**

Dated: New York, New York
       July 11, 2024

_____
JAMES L. COTT
United States Magistrate Judge