UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICE YAMEOGO,

                Plaintiff,

    -against-

MACARON PARIS, LLC, MACARON Cafe, LLC, and Macaron, LLC,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/2025

23 Civ. 8981 (AT) (HJR)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Patrice Yameogo, brings this action against Defendants, Macaron Paris, LLC, Macaron Cafe, LLC, and Macaron, LLC (together, "Macaron"), alleging, *inter alia*, that Macaron discriminated against him based on his race. *See generally* Compl., ECF No. 1. Yameogo brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*. *Id*. Macaron moved to dismiss the complaint and, pursuant to an order of reference, the Honorable Henry J. Ricardo issued a report (the "R&R") on the motion. *See* ECF No. 29; ECF No. 35; 8/28/2024 ECF Entries; R&R, ECF No. 42. Judge Ricardo recommended that the Court convert the motion to dismiss to a motion for summary judgment and grant summary judgment in favor of Macaron. *See* R&R at 1, 11. Before the Court are Yameogo's timely objections to the R&R. Objs., ECF No. 44. For the reasons stated below, the Court overrules Yameogo's objections and adopts the R&R in full.

# BACKGROUND[1]

I.   Factual Background

Macaron bakes and sells macarons.  Def. 56.1 ¶ 1, ECF No. 33.  From 2014 to 2018, Yameogo worked for Macaron, delivering goods to and from Macaron and collecting payments and invoices.  Compl. ¶¶ 7, 12.  In 2019, four years before Yameogo filed this action, Macaron sued Yameogo in Supreme Court, New York County, alleging that he had illegally used Macaron's trademarks for his new business.  *See generally* ECF No. 31-4.  The action ultimately settled, with the parties executing a Stipulation of Settlement in November 2021.  *See* Stipulation of Settlement at 1, ECF No. 31-5.  The Stipulation of Settlement contains a mutual release clause, which states, in relevant part:

> In consideration of the benefits set forth in this [a]greement, and other good and valuable consideration that [Yameogo] acknowledge[s] receipt of, [Yameogo], . . . hereby irrevocably and unconditionally release[s], acquit[s], and forever discharge[s] [Macaron], including [its] representatives, parents, subsidiaries, affiliate entities, divisions, successors, assigns, and each of [its] respective officers, directors, partners, principals, members, shareholders, agents, representatives, trustees, assigns, attorneys, current and former employees, heirs and administrators . . . from any and all claims, rights, losses, expenses, debts, demands, costs, contracts, liabilities, obligations, actions, and causes of action of every nature, known or unknown, matured or unmatured, whether at law or in equity, from the beginning of time to the date of this release.  Notwithstanding the foregoing, the release shall not release [Macaron] from any of [its] obligations under this [a]greement.

*Id.* ¶ 5(b).  In May 2022, the Honorable Melissa A. Crane so-ordered the Stipulation of Settlement.  *Id.* at 9.

II.   The R&R

The R&R recommends that the Court grant summary judgment in favor of Macaron "on the basis that Yameogo's claims have been released."  R&R at 13–14.  In deciding whether the

---

[1] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R, *see* R&R at 1–9, and recites only key facts and procedural details.

Stipulation of Settlement bars Yameogo's claims, Judge Ricardo first considered Yameogo's argument that Macaron falsified the Stipulation of Settlement. *See id.* at 15–20. Specifically, Yameogo argued that Macaron "filed with the state court a version of the Stipulation of Settlement that was different from the one that Yameogo signed." *Id.* at 16. Judge Ricardo noted, however, that the mutual release clause Yameogo claims he agreed to is "identical, word-for-word," to the one in the Stipulation of Settlement that was filed in state court, and that the "minor differences between the document that Yameogo signed and the final document . . . filed in state court . . . are immaterial to the terms of [his] release." *Id.* at 17–18.

Judge Ricardo then analyzed whether the Stipulation of Settlement "is enforceable as a valid release" of Yameogo's claims. *Id.* at 20. As relevant here, Judge Ricardo concluded that Yameogo's waiver of his claims was "knowing and voluntary" because "Yameogo was represented by an attorney [in the state court action];" he "had the opportunity to consult his attorney about the effect of [the mutual release clause]" and in fact "did seek [his attorney's] advice on [the] provision;" there "is no evidence that [Yameogo] took any steps to stop the settlement from proceeding;" and there is no concern that the consideration "provided was something to which he was already entitled" because he "was no longer employed by [Macaron when] he signed [the Stipulation of Settlement]." *Id.* at 21–23. Accordingly, Judge Ricardo determined that the Stipulation of Settlement is enforceable as a valid release of Yameogo's claims. *Id.* at 23–24.

Finally, Judge Ricardo concluded that the plain language of the Stipulation of Settlement, which specifies that Macaron is released "from any and all claims . . . from the beginning of time to the date of [the Stipulation of Settlement]," encompasses, and thus bars, Yameogo's claims. *Id.* at 24–25; Stipulation of Settlement ¶ 5(b).

**DISCUSSION**

I.    <u>Legal Standard</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).

When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory or general objections, or simply reiterates the original arguments," the Court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 347 (S.D.N.Y. 2006) ("[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a[n] [R&R] for clear error." (citation omitted)). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.     Yameogo's Objections

Yameogo objects to Judge Ricardo's determination that the Stipulation of Settlement is valid and bars his claims. *See* Objs. at 3–11. Specifically, Yameogo reiterates his original arguments that Macaron falsified the Stipulation of Settlement; that the Stipulation of Settlement is invalid and does not encompass his claims; and that the Stipulation of Settlement lacked consideration. *See id.* at 3–7. Because Yameogo's arguments are substantially the same as those he previously raised before Judge Ricardo, the Court reviews the applicable portions of the R&R for clear error. *See Harris*, 338 F. Supp. 3d at 174. These arguments were considered by Judge Ricardo, who, for the reasons discussed above, concluded that "there is no evidence that Yameogo's release language in the Stipulation of Settlement was altered or falsified;" that "an express release of each and every claim is not required where the parties knowingly and voluntarily enter into a general release;" and that "[b]ecause Yameogo was no longer employed by [Macaron] at the time he signed [the Stipulation of Settlement]," there is no concern that the consideration provided "was something to which he was already entitled." R&R at 18, 23, 25. The Court is not left with a "definite and firm conviction" that Judge Ricardo erred in concluding that, based on the record, the Stipulation of Settlement is valid and bars Yameogo's claims.

The Court has considered all of Yameogo's objections. To the extent any are not expressly discussed herein, the Court has found that they are conclusory or otherwise an effort "to engage the district court in a rehashing of the same arguments set forth in the original [motion]." *Edwards*, 414 F. Supp. 2d at 347. The Court has reviewed those objections, as well as any portions of the R&R to which Yameogo does not object, for clear error and finds none.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Yameogo's objections to the R&R and ADOPTS the R&R in full.  The Clerk of Court is respectfully respected to terminate all motions and close the case.

SO ORDERED.

Dated: February 19, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge